Appeal and cross appeal from an order of the Supreme Court, Erie County (John M. Curran, J), entered September 14, 2011 in a medical malpractice action. The order, among other things, granted that part of plaintiffs’ motion seeking to compel nonparty witness Usha Chopra, M.D. to appear for the completion of her deposition.
It is hereby ordered that the order so appealed from is modified on the law by denying the cross motion of respondent Usha Chopra, M.D. in its entirety and as modified the order is affirmed without costs in accordance with the following memorandum: Plaintiffs appeal and Usha Chopra, M.D. (respondent), a nonparty, cross-appeals from an order related to the deposition testimony of respondent. Plaintiffs commenced this medical malpractice action alleging, inter alia, that defendant George Blessios, M.D. was negligent with respect to surgery he performed on Renee Sciara (plaintiff). Respondent, a pathologist, examined tissue removed from plaintiff during the surgery. The deposition of respondent was discontinued following a contentious verbal exchange between plaintiffs’ counsel and respondent’s counsel that arose when respondent’s counsel interrupted the deposition to clarify a question asked by plaintiffs’ counsel. Plaintiffs moved, inter alia, for an order precluding respondent’s counsel from participating in any respect in the continued deposition of respondent. Respondent cross-moved, inter alia, for an order permitting her counsel to participate in her deposition. Supreme Court granted the mo *1257 tion in part by directing, inter alia, that respondent was required to complete her deposition. The court also granted the cross motion in part by permitting respondent’s counsel to participate in the deposition as provided for in 22 NYCRR 221.2 and 221.3. The court erred in granting the cross motion to that extent (see Thompson v Mather, 70 AD3d 1436, 1438 [2010]), and we therefore modify the order accordingly.
As we stated in Thompson, “counsel for a nonparty witness does not have a right to object during or otherwise to participate in a pretrial deposition. CPLR 3113 (c) provides that the examination and cross-examination of deposition witnesses ‘shall proceed as permitted in the trial of actions in open court’ ” (id. [emphasis added]), and it is axiomatic that counsel for a nonparty witness is not permitted to object or otherwise participate in a trial (see e.g. id.). We recognize that 22 NYCRR 221.2 and 221.3 may be viewed as being in conflict with CPLR 3113 (c) inasmuch as sections 221.2 and 221.3 provide that an “attorney” may not interrupt a deposition except in specified circumstances. Nevertheless, it is well established that, in the event of a conflict between a statute and a regulation, the statute controls (see Matter of Hellner v Board of Educ. of Wilson Cent. School Dist, 78 AD3d 1649, 1651 [2010]).
We also recognize the practical difficulties that may arise in connection with a nonparty deposition, which also have been the subject of legal commentaries (see e.g. 232 Siegel’s Practice Review, Objections by Nonparty Witness? at 4 [Apr. 2011]; Patrick M. Connors, Supp Practice Commentaries, McKinney’s Cons Laws of NY, Book 7B, CPLR 3313:7, 2013 Pocket Part at 31-33). However, we decline to depart from our conclusion in Thompson (70 AD3d at 1438) that the express language of CPLR 3113 (c) prohibits the participation of the attorney for a nonparty witness during the deposition of his or her client. We further note, however, that the nonparty has the right to seek a protective order (see CPLR 3103 [a]), if necessary.
We have reviewed the remaining contentions of plaintiffs and respondent and conclude that they are without merit. We note that documents included in the appendix to plaintiffs’ brief are outside the record on appeal and therefore have not been considered (see Sanders v Tim Hortons, 57 AD3d 1419, 1420 [2008]).
All concur except Fahey and Martoche, JJ., who dissent in part and vote to affirm in the following memorandum.